## DAVIS v WIEMEYER

Ohio Appeals, 6th Dist, Lucas Co
No 2474. Decided Dec 29, 1930

Leroy W. Hunt and O. W. Nelson, both of Toledo, for Davis.

Gilbert Morgan for Wiemeyer.

**WILLIAMS, J.**

The assessments were levied under the provisions of §1195 GC, which contains the following:

"When the county commissioners of any county having a tax duplicate of real and personal property in excess of three hundred million dollars co-operate with the department and assume a part of the cost of constructing, reconstructing, re-surfacing or widening any pavement on a state highway, such commissioners shall be authorized to specially assess such portion of that part of the cost assumed by them on behalf of the county as they may deem proper, and such special assessment may be made according to any one of the several methods provided by §6919 GC, and the procedure in making said assessments shall be the same as is provided by law with respect to the assessments authorized by said §6919 GC."

Sec. 1191 GC, contains the following provision:

"Provided, however, the county commissioners of any county having a tax duplicate of real and personal property in excess of three hundred million dollars shall also be authorized to co-operate with the department of highways in the construction, reconstruction, resurfacing, widening or repair of state highways, including the bridges and viaducts thereon, by paying such portion of the cost thereof as is agreed upon by the county commissioners and director of highways."

It appears that the assessment made and levied for a road improvement consisting of a brick surfaced pavement twenty feet wide. There is a provision in §1193 GC preceding that above quoted which provides for assessments where the pavement on a state highway is constructed, reconstructed, re-surfaced or widened to a width greater than twenty feet. This provision is general and applies throughout the state. The portion of §1193 GC above quoted is applicable to all pavements, including those twenty feet or less in width, but is limited in operation to counties having a tax duplicate in excess of $300,000,-000.00. The petition alleges that the improvement in question is a brick surfaced pavement of a width of twenty feet and alleges facts which show the assessment to have been made by authority of the provisions above quoted from §1193 GC. It also appears from the petition that there are only eight counties in the state which have a tax duplicate of real and personal property in excess of $300,000,000.00. It is conceded by counsel that if the provisions quoted are unconstitutional, there was no legal authority for the levying of the assessment.

The claim made by counsel for the property owners is that these sections are unconstitutional because they are in violation of §26, Article II, of the Constitution of Ohio, which reads as follows:

"All laws of a general nature shall have uniform operation throughout the state."

The courts have been loath to lay down a definition as to what is a law of general nature, leaving that question to be determined in each particular case. There can be no question however, that a law providing for construction or widening of state highways and the assessing of abutting and adjoining property owners therefor, is a law of a general nature. **Thorniley v State ex rel, 81 Oh St, 108, 120.**

Authority sustains the general proposition that if the law is only operative in eight counties of the state and inoperative in eighty counties, it does not have uniform operation throughout the state.

It has been held that where a law of a general nature applies to one county only, it does not have uniform operation throughout the state.

**Hixson v Burson, et al, 54 Oh St, 470;**
**State ex rel v Davis, 55 Oh St, 15;**
**Silberman v Hay, 59 Oh St, 582;**
**State ex rel v Yates, 66 Oh St, 546;**
**State ex rel v Spellmire, 67 Oh St, 77;**
**Brown v State ex rel, 120 Oh St, 297.**

The same conclusion has been reached where an enactment applies to two counties only. **State ex rel v Bargus, 53 Oh St, 94.**

A like conclusion was reached where the law under examination applied to four counties only. **State ex rel v Lewis, 74 Oh St, 403.**

In **Thorniley v State ex rel**, supra, it was held that a law providing for the management and control of highways by essentially different methods in different counties of the state, was repugnant to §26, Article II, of the state constitution, and therefore invalid.

Counsel for plaintiff in error contend that

these laws only provided for a reasonable classification growing out of the necessities of the situation and are therefore valid. While a law of a general nature is not invalid merely because it provides for classification, yet it must have uniform operation throughout the state; otherwise it is in contravention of the state constitution. In **Thorniley v State ex rel**, supra, the court say:

"The statute suggests no basis of classification which might be supposed to justify different policies in the control and management of the roads."

This language is appropriate as applied to the instant case. The provisions in question neither provide for reasonable classification nor do they have uniform operation. Being laws of a general nature, these provisions are unconstitutional and void.

The court below committed no prejudicial error in overruling the demurrer and entering final judgment. The judgment will therefore be affirmed.

LLOYD and RICHARDS, JJ, concur.